IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

MALIK RAHAB,

                Petitioner,       :       Case No. 1:17-cv-412

   - vs -                             District Judge Michael R. Barrett
                                     Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                   :

                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Objections (ECF No. 13) to the Magistrate Judge's Report and Recommendations recommending that a conditional writ be issued requiring that Petitioner be resentenced by a different judge (ECF No. 10, PageID 697). The time within which Petitioner might have filed a response to the Objections has expired and District Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 14).

The Petition, which was filed *pro se*, pleads one ground for relief:

> **Ground One:** Due process is violated when a defendant's sentence is based, even in part, on his decision to exercise his Sixth Amendment right to a jury trial and put the government to its burden of proof.

(Petition, ECF No. 1, PageID 5, 16). Respondent does not dispute that this claim is fully exhausted and no procedural default prevents the Court from considering it on the merits. Instead, the Warden asserted that the relevant United States Supreme Court precedent is *North Carolina v.*

1

*Pearce*, 395 U.S. 711 (1969), and *Alabama v. Smith*, 490 U.S. 794 (1989), and that the Supreme Court of Ohio's application of these cases to Petitioner's case is "both correct and reasonable." (Return, ECF No. 5, PageID 180.)

The United States Supreme Court has elaborated *Pearce* to arrive at a presumption of vindictiveness when a defendant is sentenced more harshly after a successful appeal than he had been after his first trial. *Texas v. McCullough*, 475 U.S. 134 (1986); *U.S. v. Goodwin*, 457 U.S. 368 (1982). To overcome that presumption, "the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *Pearce*, 395 U.S. at 726.

In applying *Pearce* and *Smith*, the Supreme Court of Ohio concluded that Rahab was entitled to neither a presumption of vindictiveness[1] nor a finding of actual vindictiveness. *State v. Rahab*, 150 Ohio St. 3d 152 (2017). The Report found the first of these conclusions was correct, but that the second was "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" in violation of 28 U.S.C. § 2254(d)(2) (ECF No. 10). Respondent objects only to this second conclusion and Petitioner filed no objections at all. This Supplemental Report addresses only the § 2254(d)(2) conclusion.

**Question of Fact or Mixed Question of Fact and Law?**

Respondent objects first that questions under 28 U.S.C. § 2254(d)(2) are mixed questions of law and fact instead of pure questions of fact. (Objections, ECF No. 13, PageID 702, citing *U.S. v. Morris*, 827 F.2d 1348, 1352 (9th Cir. 1987), and *Case v. Mondragon*, 887 F.2d 1388, 1393

---
[1] The Ohio Association of Criminal Defense Lawyers (OACDL) had contended that the *Pearce* presumption should be extended to any case in which a sentence after trial exceeded what had been offered in plea negotiations.

(10th Cir. 1989). Neither case speaks to the correct interpretation of § 2254(d)(2) nor could they, since the AEDPA, of which it is a part, was not enacted until April 24, 1996. *Morris* has no bearing on this case at all, so far as the Magistrate Judge can tell. *Case* discusses 2254(d) as it existed before AEDPA. Respondent correctly cites *Biros v. Bagley*, 422 F.3d 379 (6th Cir. 2005), for the proposition that mixed questions of law and fact are reviewed under the unreasonable application prong of § 2254(d)(1) (Objections, ECF No. 13, Page ID 702, citing 422 F.3d 379, 386 (6th Cir. 2005), citing *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003), citing ; *Harpster v. Ohio,* 128 F.3d 322, 327 (6th Cir. 1997)). But *Biros* does not hold that an issue under § 2254(d)(2) is a mixed question of law and fact, as Respondent proposes.

*Biros* also holds "[f]actual findings made by the state court, or by state appellate courts based upon the trial record, are presumed to be correct but may be rebutted by clear and convincing evidence," *Id.* at 386, citing 28 U.S.C. § 2254(e)(1); *Bugh v. Mitchell*, 329 F.3d 496 at 500–01 (6th Cir. 2003). In sum, Respondent has cited no case law for the proposition that the issue under § 2254(d)(2) is a mixed question of law and fact and Biros says state court fact findings can be overcome with clear and convincing evidence, another common standard for reviewing findings of fact.

Aside from any case authority, Respondent has suggested no reason why the trial judge's motivation should be anything other than a question of fact. Courts regularly treat motive, when it is a material issue in a case, as a question of fact to be proved to the jury. *See, e.g.*, *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 335 n.15 (1977)(proof of discriminatory motive or intent is fact-intensive determination); *Hoard v. Sizemore,* 198 F.3d 205 (6th Cir. 1999) (summary judgment may not be granted where motive is a genuine issue of material fact);. *Smith v. Wade*, 461 U.S. 30 (1983) (punitive damages may be awarded in a § 1983 case when it is proved

to a jury defendant's conduct was motivated by evil intent or motive or reckless or callous disregard or indifference to the federally protected rights of plaintiff); *U.S. v. Green*, 654 F.3d 637, 651-652 (6th Cir. 2011); *Warren v. City of Athens, Ohio*, 411 F.3d 697, 711 (6th Cir. 2005) (a class-of-one equal protection case may be made by showing the jury an illegitimate motive such as animus or ill will). While it is a question of law whether a particular motive if lawful or not, it is a question of fact whether a particular actor behaved with that motive.

**The Supreme Court of Ohio's Determination of the Facts is Objectively Unreasonable**

In this case it is undisputed that Petitioner was offered an agreed sentence of three years if he would plead guilty to one count of burglary. When he rejected that offer, the trial judge told him **before trial** she did "not look highly on cases where people don't take responsibility and accept that they did something wrong if they're found guilty. You understand that? Meaning it probably would be more. I'm not going to fool you. You understand that?" (Transcript, ECF No. 9, PageID 09). Despite that warning, Petitioner insisted on going to trial.

The Report includes the colloquy between Petitioner and Judge Jody M. Luebbers at sentencing (Report, ECF No. 10, PageID 692-95). It need not be repeated here because Respondent does not dispute the accuracy of the quotation. Instead, Respondent emphasizes that there were additional facts presented at the sentencing hearing, facts noted by the Ohio Supreme Court, which could have prompted the higher sentence: "Rahab's lack of genuine remorse, the impact of his conduct on the victim, his poor performance in treatment, his lengthy juvenile record, and his difficult upbringing." (Objections, ECF No. 13, PageID 704, citing *State v. Rahab*, 150 Ohio St. 3d 152, 2017-Ohio-1401, ¶32).

Respondent accuses the Magistrate Judge of "choos[ing] not to credit the Ohio Supreme Court's factual finding" quoted in the prior paragraph (Objections, ECF No. 13, PageID 704.) On the contrary, the Report quotes verbatim ¶¶ 29-30, which the Ohio Supreme Court summarized in ¶ 32 (ECF No. 10, PageID 696).

The difficulty is not what evidence was available to Judge Luebbers to justify a longer sentence. The Magistrate Judge does not dispute, as the Ohio Supreme Court found, that there was more evidence available at sentencing than had been available when the plea was rejected. The question is what did Judge Luebbers make of that evidence.

It is a fair inference from the sentencing colloquy that the judge found Rahab's expression of remorse was not genuine, a factor relief on by the Ohio Supreme Court. However, the judge tied that finding to an unconstitutional standard: if Rahab were truly remorseful, he would have accepted responsibility for his crime and pleaded guilty. She points to no other fact in rejecting his post-verdict expression of remorse.

As far as the other additional aggravating facts mentioned by the Supreme Court of Ohio, Judge Luebbers adverted to none of them; she said nothing about his juvenile record, his poor employment record, or his poor performance on probation. On the other hand, she did advert to his difficult upbringing – a fact the Supreme Court mentioned – but found it to be mitigating. One would reasonably expect that if she were relying on new aggravating evidence, she would have mentioned that reliance. Instead, she mentions multiple times that, in her view, Rahab gambled and lost.

The question under *Pearce* is not whether actual vindictiveness was the principal or overriding motivation of the sentencing judge. Rather, as the Court held in *Pearce*, "vindictiveness against a defendant for having successfully attacked his conviction must play not part in the

5

sentence he receives after a new trial." 395 U.S. at 725. The Ohio Supreme Court did not actually make a finding on this "played no part" standard. Instead, it concluded that, despite Judge Luebbers' "intemperate words," "we do not find that the court vindictively sentenced Rahab." 150 Ohio St. 3d at ¶ 33.

Judge Leubbers' "intemperate words" are the only words she used in giving her reasons for the longer sentence. Unless we are to excuse those words, which on their face express only the judge's upset that the case was taken to trial, we are compelled to find that vindictiveness played some part in enhancing the sentence. Just as we insist that defendant's who plead guilty must be bound by the things they say in a plea colloquy, so also ought a judge to be bound by what she or he says are the reasons for a sentence. No one can read the sentencing colloquy and say vindictiveness played no part in the enhanced sentence. The Ohio Supreme Court's conclusion to the contrary is an "unreasonable determination of the facts in light of the evidence presented. . . ." 28 U.S.C. § 2254(d)(2).

The Report did not suggest the actual length of sentence was somehow disproportionate given that facts relevant to sentencing which were presented. The sentence would be completely appropriate if imposed by a judge with no motive of vindictiveness.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Court issue a writ of habeas corpus ordering Petitioner's release from custody unless he has been, within ninety days, re-sentenced by a different trial judge. If the Court rejects this conclusion, it is recommended that it grant a certificate of appealability and pemit

Petitioner to appeal *in forma pauperis*.

August 7, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).