**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Malik Rahab,

                Petitioner,                  Case No. 1:17-cv-412

      - vs -                                Judge Michael R. Barrett

Warden, Noble Correctional Institution,

                Respondent.

## <u>ORDER</u>

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), Supplemental R&R, and Respondent's Objections to those R&Rs (Docs. 10, 13, 15, 16) which relate to Petitioner's, a state prisoner proceeding *pro se*, petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

Petitioner asks this Court to release him from custody or vacate his sentence and impose a reduced sentence or remand for resentencing before a different judge. (Doc. 1 PageID 15), (Doc. 6 PageID 199). In his sole ground for relief, he argues that the trial judge employed actual vindictiveness, *i.e.*, an intention to punish him for exercising his right to a trial, during his sentencing. (Doc. 1). The Magistrate Judge adequately discussed and summarized the remainder of the procedural background and pertinent facts of this case in the R&R and the same will not be repeated herein. (Doc. 10).

The Ohio Department of Rehabilitation and Correction's website shows that Petitioner was released from prison on judicial release on December 19, 2018.[1] *See* Ohio

---

[1] The Court takes judicial notice of this information. *See Young v. Mohr*, No. 2:12-CV-349, 2013 WL 693050, at *4 (S.D. Ohio Feb. 26, 2013) (citing FED. R. EVID. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose

Rev. Code § 2929.20 (Judicial release).

The Court finds that the petition, that challenges the existence of actual vindictiveness at his sentencing, is moot because he is no longer in custody. *See Brantley v. Sloan*, No. 1:16CV00200, 2017 WL 4326661, at *3 (N.D. Ohio Feb. 8, 2017), *report and recommendation adopted*, No. 16-CV-200, 2017 WL 4310649 (N.D. Ohio Sept. 28, 2017). *Compare Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968) (holding that the expiration of a petitioner's sentence and his subsequent release, before a judicial decision on his petition, does not moot the petition where collateral consequences of conviction exist), *with Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained."), *and Gentry v. Deuth*, 456 F.3d 687, 694 (6th Cir. 2006) (holding that, where a habeas petition attacks the *sentence* rather than the *conviction*, the petition is almost always moot) (emphasis added).

In light of the above, it is **ORDERED** that the **petition** (Doc. 1) is **denied as** moot and the Clerk is **DIRECTED** to **CLOSE** and **TERMINATE** this matter from the Court's docket.

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
Michael R. Barrett
United States District Judge

---

accuracy cannot reasonably be questioned.") and *Landt v. Farley*, 2012 WL 4473209, *1 (N.D. Ohio Sept. 26, 2012) (noting that the "court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system and via the internet.") (quotation marks and citation omitted)).